WEST INDIA OIL COMPANY, Petitioner and Appellant, *v.* MUNICIPAL COURT OF CAGUAS, Respondent and Appellee.

No. 5806. Argued June 17, 1932.—Decided February 10, 1933.

*J. Carbia* for appellant.   *A. L. López* for defendant in the main action.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

The West India Oil Company brought an action of debt in the Municipal Court of Caguas against Pedro Vicente Pedrosa, and, having posted a bond which was duly approved, it obtained an order to secure the effectiveness of the judgment that might be rendered in said action.   The defendant filed a motion for dissolution of the attachment, and the court, without notifying the attaching creditor nor giving him an opportunity to be heard, vacated the attachment after having approved the bond offered by the defendant.

The plaintiff, alleging substantially the foregoing facts, applied to the District Court of Humacao for a writ of certiorari directed to José Soto Soto, judge of the Municipal Court of Caguas.   Said district court ordered its clerk to issue a mandate directed to the municipal judge to appear and show cause why the writ applied for should not be issued. Although the District Court of Humacao, in passing upon plaintiff's application, appears to have discharged the writ issued, and to have denied the application, the truth is that the record filed with this Court does not show that any writ was actually issued, nor that the District Court of Humacao ever had before it the original record filed in the Municipal Court of Caguas.   The only thing which appears in the record is the following order issued by Rafael Arjona Siaca, judge of the District Court of Humacao:

"Upon the sworn petition for a writ of certiorari filed in this case by the West India Oil Company, the court orders the secretary to issue a mandate directed to the Hon. José Soto Soto, judge of the Municipal Court of Caguas, Puerto Rico, to appear before this court on July 1, 1931, at nine o'clock in the morning, to show cause why the writ of certiorari applied for should not be issued."

It seems then that the writ was never issued, and that the original record has not been brought before this Court nor before the District Court of Humacao. The ground for the decision of the latter court which purports to discharge the writ and deny the petition, is that the petitioner has an adequate remedy under section 14 of the Act to secure the effectiveness of judgments, which grants to the prejudiced party the right to protest and declare his intention to take an appeal, as provided in the Code of Civil Procedure, against the final judgment of the court.

An order issued by a municipal court vacating or refusing to vacate an attachment is not appealable. If, in cases like the present one, a writ of certiorari could not be issued, the plaintiff, whose attachment was vacated without notice or hearing, would have to wait until after final judgment to obtain the review of the order issued by the municipal court. There is no adequate remedy within the ordinary course of law. The plaintiff need not wait until the final judgment is appealed in order to review the order vacating the attachment, since, if a final judgment in his favor is rendered, he may proceed at once to secure its effectiveness through execution. Once final judgment is rendered, an attachment to secure its effectiveness would be useless, inasmuch as the purpose of such an attachment is to protect the rights of the plaintiff during the pendency of the suit, and until a final judgment which may be executed is rendered.

An error of procedure was committed by the municipal court in approving the bond and vacating the attachment without notifying the plaintiff or giving him an opportunity to be heard. It might be argued that, since the defendant

need not be heard when a writ of attachment is sued out, it should likewise be unnecessary to hear the plaintiff when an order to vacate the attachment is sought. But this argument would not be decisive. The purpose of the law is to secure the effectiveness of the judgment, and this purpose might be defeated if the defendant were informed in advance that an attachment was to be levied on his property. Where it does not appear clearly in an authentic document that the obligation is demandable, the party affected by an attachment always has the right to attack the bond, or to release the attachment upon furnishing sufficient security to the plaintiff. Notwithstanding the trouble and inconvenience that may be caused by an attachment, there is no danger of the defendant's rights being defeated. The law affords him ample protection. Such is not the case as regards the plaintiff when his attachment is vacated on an *ex parte* application. It is possible that the defendant's bond might be insufficient to secure the plaintiff's rights. It may happen that the plaintiff can prove that the attachment should not be vacated, and it may also be that if the attachment is vacated *ex parte*, it will be too late when the plaintiff appears before the court to defend his rights, either because the attached property may have disappeared, having legally passed into the possession of another person, or because he may find himself, for some other reason, precluded from securing the effectiveness of his claim. The fact should not be overlooked that the plaintiff, through the attachment, has acquired a right of which he should not be deprived without notice and without an opportunity to be heard. We are of the opinion that in the instant case, as appears from plaintiff's verified petition, a substantial error has been committed, and that the proceedings are subject to review by certiorari.

For the reasons stated, the judgment appealed from must be reversed, and the case remanded to the lower court for further proceedings not inconsistent with this opinion.

MR. JUSTICE WOLF, dissenting.

This was a case where the district court refused in effect to annul by certiorari an order of the Municipal Court of Caguas. . After an attachment the municipal court permitted. the attached goods to be released on the giving of a bond. The municipal court acted, however, without giving the alleged attaching creditor an opportunity to be heard. The District Court of Humacao held that the petitioner had an ample remedy by appeal.

I find nothing in the law which requires a municipal court to hear the supposed attaching creditor before allowing a bond to be given and release any attached property. It would be the better and safer practice to hear the attaching creditor, but as pointed out by the appellee in a motion for reconsideration there may be cases where the immediate release of the goods is imperative or where the court is satisfied beyond a peradventure that the bond is sufficient. While the interest of the attaching creditor should always be respected I maintain that the municipal court has a discretion. An abuse of that discretion, should be shown or in other words that the attaching creditor in fact remained unsecured. No presumption should lie as against the municipal court.

The district court held that the remedy by appeal was adequate. No one would know better than the judge of the district court whether the remedy by appeal was or was not rapid on each particular case. The appellant did not convince me at all that there was an abuse of discretion. If the action of the municipal court merely violated a rule of procedure and did no damage, an appeal would surely suffice. The possibility that no damage was done should have been excluded when an extraordinary remedy was invoked.